**Kong Yong LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 04–0851–AG NAC.**

United States Court of Appeals, Second Circuit.

April 4, 2006.

Theodore N. Cox, Law Office of Theodore N. Cox New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney, District of New Hampshire. Aixa Maldonado–Quinones, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Kong Yong Lin, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals

("BIA"), affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below. This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79.

Where, as here, the BIA has affirmed the IJ's decision without an opinion, the Court reviews the IJ's decision directly under the "substantial evidence" standard. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158–59 (2d Cir.2004); 8 C.F.R. § 1003.1(e)(4).

There is substantial evidence in the record to support the IJ's adverse credibility finding against Lin. The IJ provided specific, cogent reasons for that finding based on inconsistencies and implausibilities in Lin's testimony. For example, the IJ found implausible Lin's testimony that his wife had been weak and ill for approximately ten years, since the birth of their first child in 1992, but that she had still given birth to a second child in 1994 and had been able to care for two children since that time, including the time after Lin had departed China in 2000. This is supported by Lin's inability to specify the nature of his wife's illness or provide evidence of any such illness.

The IJ also relied on information in the record, which apparently included a 1998 country report to find that it was implausible that Lin was given notice in 1994 that either he or his wife were required to undergo sterilization after the birth of their son, in light of the fact that such information indicated that forced steriliza-

tion was not an official policy employed by the Chinese government to implement the family planning policy, and that it also indicated that there was no evidence that forced sterilizations were common in Lin's region at that time.

The IJ also found implausible Lin's testimony that he had been taken against his will by family planning officials to the hospital for a forced sterilization because Lin had what the IJ considered a suspiciously detailed memory of the events after eight years. The IJ also found it implausible that Lin would have been sterilized without anesthesia, particularly by a doctor who Lin portrayed as particularly sympathetic to him.

The IJ also found implausible Lin's testimony that the doctor had performed a partial sterilization, then visited Lin at his home shortly thereafter to admit to having performed an incomplete procedure and convey his sympathies to Lin. The IJ correctly found it implausible that the doctor would risk such exposure, particularly given that the doctor also sought to flee China. The IJ also found implausible the fact that the government would have conducted an investigation in 2000 exposing his doctor and other doctors performing incomplete sterilizations, an event Lin claimed was well-publicized, in light of the fact that Lin had failed to submit any evidence, including news articles, about this event.

For these and similar additional reasons, we conclude that the IJ's decision is supported by substantial evidence. The petition is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).